Case 4:25-cv-06170   Document 9   Filed 01/08/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ADRIAN SALCEDO MARTINEZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:25-CV-06170** |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |
| § | |

# ORDER

Before the Court is Petitioner Adrian Salcedo Martinez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss / Motion for Summary Judgment (ECF No. 7). After considering the briefing and the applicable law, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

For the reasons previously articulated by this Court and by numerous other District Courts in the Southern District of Texas and across the country, the Court has determined that the Petitioner is properly subject to 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2). *See Mendez Velazquez v. Noem*, 4:25-cv-04527 (S.D. Tex. Oct. 30, 2025) (Ellison, J.); *Rivera-Henriquez v. Tate*, 4:25-CV-045436, (S.D. Tex. Sep. 26, 2025); *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Fuentes v. Lyons et al.*, 25-cv-00153 (S.D. Tex. Oct. 16, 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). The Court is persuaded by the reasoning in these decisions.

Respondents argue that even if Mr. Salcedo Martinez is subject to discretionary detention under 8 U.S.C. § 1226(a), his petition should be denied because the Immigration Judge at Mr. Salcedo Martinez's custody redetermination, after deciding that he lacked jurisdiction to redetermine Mr. Salcedo Martinez's custody pursuant to *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), stated that "[i]n the alternative, [Mr. Salcedo Martinez] is a flight risk since his application for 42B relief was denied. [Mr. Salcedo Martinez] is a danger to the community as he was convicted of a DWI and has a second DWI matter pending." ECF No. 7, Ex. 2. Respondents argue that this Court lacks jurisdiction to review discretionary decisions made by an immigration judge. ECF No. 7 at 9 (citing *Fuentes v. Lyons*, No. 5:25-CV-00153, 2025 WL 3022478 (S.D. Tex. Oct. 29, 2025)).

The Court disagrees with Respondents' characterization of the immigration proceeding. The Immigration Judge in this case determined that he lacked jurisdiction to consider Mr. Salcedo Martinez's request for bond pursuant to 8 U.S.C. § 1226(a) because *Matter of Hurtado*—which is binding on immigration judges—held that people like Petitioner are subject to mandatory detention under 8 U.S.C. § 1225. The Immigration Judge cannot have simultaneously lacked jurisdiction to consider Mr. Salcedo Martinez's request for bond pursuant to § 1226(a) and determined that Mr. Salcedo Martinez was not entitled to release under that same statute. While the Court makes no determination as to whether Mr. Salcedo Martinez is entitled to release § 1226(a), it does find that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) before an Immigration Judge who recognizes their jurisdiction to hear his request.

The Court therefore **DENIES** Respondents' Motion to Dismiss (ECF No. 7). Because the Court independently concludes that Mr. Salcedo Martinez is subject to 8 U.S.C. § 1226(a), the

Court does not address Mr. Salcedo Martinez's argument under *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

It is hereby **ORDERED** that Respondents provide Petitioner with an 8 U.S.C. § 1226(a) bond hearing on the merits of Petitioner's request for release within seven days, that is, by January 14, 2026, or else release Petitioner. It is further **ORDERED** that Respondents update the Court on the status of the bond hearing and Petitioner's custody status on January 16, 2026.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on January 7, 2026.

Keith P. Ellison
United States District Judge